**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**TAYLOR OSHAN** :
**3606 Rock Creek Church Road, #103**
**Washington, DC 20010** :

**and** :

**KIRK OSHAN** :
**1311 Jenkins Street**
**North Merrick, NY 11566** :

**and** :

**DEBORAH OSHAN** :
**1311 Jenkins Street**
**North Merrick, NY 11566** :

**Plaintiffs,** :

**v.** : **Case No. ________________**

**LYFT, INC.** :
**185 Berry Street, Suite 5000**
**San Francisco, CA 94107** :

**Serve: CT Corporation System** :
**1015 15th Street, NW, Suite 1000**
**Washington, DC 20005** :

**and** :

**XL SPECIALTY INSURANCE COMPANY** :
**Seaview House**
**70 Seaview Avenue** :
**Stamford, CT 06902**
:
**Serve: The Corporation Trust Company**
**Corporation Trust Center** :
**1209 Orange Street**
**Wilmington, DE 19801** :

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

**and** :

**INDIAN HARBOR INSURANCE COMPANY** :
**Seaview House**
**70 Seaview Avenue** :
**Stamford, CT 06902**
:
**Serve: The Corporation Trust Company**
**Corporation Trust Center** :
**1209 Orange Street**
**Wilmington, DE 19801** :

**and** :

**JOHN DOE** :
**Address Presently Unknown**
:
**Defendants.**

**COMPLAINT FOR DAMAGES**
**(Negligence: Automobile Collision)**

Plaintiffs, Taylor Oshan, Kirk Oshan, and Deborah Oshan, through their attorneys, Salvatore J. Zambri, Christopher Regan, and the law office of Regan Zambri Long PLLC, respectfully demand judgment against Defendants on the grounds and in the amount set forth below:

**JURISDICTION AND VENUE**

1. Jurisdiction is vested in this Court pursuant to D.C. Code Sec. 11-921 (1981 ed., as amended).

2. Venue is appropriate in this Court because the wrongful and negligent acts and/or omissions committed by Defendants occurred in the District of Columbia and the applicable policy/policies of insurance apply to the District of Columbia event.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

**PARTIES**

3. Plaintiff Taylor Oshan is an adult resident of the District of Columbia.

4. Plaintiff Kirk Oshan is an adult resident of the State of New York, and the father of Plaintiff Taylor Oshan.

5. Plaintiff Deborah Oshan is an adult resident of the State of New York, and the mother of Plaintiff Taylor Oshan.

6. Upon information and belief, Defendant Lyft, Inc. ("Lyft") is a Delaware corporation, with its principal place of business in the State of California.

7. Upon further information and belief, Defendant Lyft is authorized to conduct business, and conducts business, in the District of Columbia, and provided self-insured automobile insurance—including uninsured/underinsured motorist coverage—to the Lyft Vehicle (as defined in ¶ 14) for the period encompassing December 1, 2018.

8. Upon information and belief, Defendant XL Specialty Insurance Company ("XL Specialty") is a Delaware corporation, with its principal place of business in the State of Connecticut.

9. Upon further information and belief, Defendant XL Specialty is authorized to conduct business, and conducts business, in the District of Columbia, and provided automobile insurance—including uninsured/underinsured motorist coverage—to the Lyft Vehicle for the period encompassing December 1, 2018.

10. Upon further information and belief, Defendant Indian Harbor Insurance Company ("Indian Harbor") is a Delaware corporation, with its principal place of business in the State of Connecticut.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

11. Upon further information and belief, Defendant Indian Harbor is authorized to conduct business, and conducts business, in the District of Columbia, and provided automobile insurance—including uninsured/underinsured motorist coverage—to the Lyft Vehicle for the period encompassing December 1, 2018.

12. Defendant John Doe (whose identity is presently unknown to Plaintiffs) was the driver of the vehicle that collided with the Lyft vehicle in which Plaintiffs were passengers at the time of the subject collision, as described below.

**FACTS**

13. On the afternoon of December 1, 2018, Plaintiffs summoned a Lyft vehicle through the Lyft app.

14. A driver (the "Lyft Driver") picked Plaintiffs up in a Nissan Altima (the "Lyft Vehicle").

15. At approximately 5:20 p.m., the Lyft Vehicle was stopped in the northbound lanes of the 2900 block of 11th Street, NW, at a red light at its intersection with Columbia Road, in Washington, DC.

16. At approximately the same time, Defendant Doe was driving a Chevrolet SUV (upon belief, stolen) northbound on 11th Street at a high rate of speed.

17. Suddenly and without slowing, stopping, or warning, Defendant Doe's vehicle slammed into the rear of the Lyft Vehicle, propelling the Lyft Vehicle into two additional cars that were stopped at the intersection.

18. After the initial impact, Defendant Doe's vehicle careened into a third vehicle before coming to a rest; Defendant Doe fled the scene on foot.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

19. As a direct result of the crash, Taylor Oshan suffered severe physical injuries—chief among them, paralysis from the chest down.

20. As a further direct result of the crash, Kirk and Deborah Oshan suffered severe emotional distress and trauma, including specifically the trauma and anguish associated with observing the injuries sustained by their son and the impact those injuries have had on Taylor's physical and emotional well-being.

21. As a further direct result of the collision, Plaintiffs have incurred, and will continue to incur, substantial medical expenses and other attendant expenses; have incurred, and will continue to incur, substantial wage and other economic losses; and have suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish; as well as other damages.

**COUNT I**
**(Taylor Oshan: Negligence, Negligence *Per Se* – Defendant John Doe)**

22. Plaintiffs incorporate by reference the foregoing paragraphs.

23. At all relevant times, Defendant Doe owed Plaintiffs and other motorists a duty to operate the SUV in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in effect.

24. Defendant Doe breached that duty in the following ways:

a. by failing to pay full time and attention to the operation of the SUV;

b. by failing to keep a proper lookout while driving the SUV;

c. by failing to maintain proper control of the SUV;

d. by failing to drive the SUV at a safe speed for the traffic conditions;

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

e. by driving recklessly;

f. by failing to timely apply brakes or otherwise take appropriate actions to avoid or minimize a collision; and

g. by otherwise failing to adhere to the applicable traffic and motor vehicle regulations then and there in effect.

25. In breaching this duty, Defendant Doe violated road-safety statutes and regulations that were in full force and effect in the District of Columbia at the time, including, without limitation the following: 18 DCMR § 2000; 18 DCMR § 2103.7; 18 DCMR 2200.1; 18 DCMR 2200.3; 18 DCMR 2200.4; 18 DCMR 2200.5; 18 DCMR 2201.9; and DC Code § 50-2201.04; as well as other statutes. As a result, Defendant Doe was negligent *per se* under District of Columbia law.

26. As a direct and proximate result of Defendant Doe's negligence, Plaintiff Taylor Oshan suffered the injuries and damages set forth in paragraphs 19-21.

WHEREFORE Plaintiff Taylor Oshan demands judgment against Defendant John Doe in the full and just amount of Fifty Million Dollars ($50,000,000.00), plus interest and costs.

**COUNT II**
**(Kirk and Deborah Oshan: Negligent Infliction of Emotional Distress – Defendant John Doe)**

27. Plaintiffs incorporate by reference the foregoing paragraphs.

28. At the moment when Defendant Doe's SUV crashed into the Lyft Vehicle, Plaintiffs Kirk Oshan and Deborah Oshan were located within the zone of physical danger as defined by District of Columbia law.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030

29. As a direct result of witnessing Defendant John Doe's negligence (*i.e.* the high-speed collision and their son's injury) from within the zone of physical danger, Kirk and Deborah suffered severe and verifiable fright at the time of the collision and emotional trauma following the collision, as they realized their son was paralyzed, as well as other emotional damages, as well as the injuries and damages set forth in paragraphs 20-21.

WHEREFORE Plaintiffs Kirk Oshan and Deborah Oshan each demand judgment against Defendant John Doe in the full and just amount of Five Million Dollars ($5,000,000.00), plus interest and costs.

**COUNT III**
**(Breach of Contract to Provide Uninsured Motorist Insurance: Defendants Lyft, XL Specialty, and Indian Harbor)**

30. Plaintiffs incorporate by reference the foregoing paragraphs.

31. Plaintiffs further state that Defendants Lyft, XL Specialty, and Indian Harbor (collectively, the "UM/UIM Defendants"), pursuant to the applicable insurance policy/policies in effect at the time of the accident, are legally and contractually obligated to provide Plaintiffs uninsured/underinsured motorist automobile insurance (UM/UIM) coverage for the injuries and damages they sustained.

32. Upon information and belief, there is at least one applicable UM/UIM policy (policy certificate number SEA-003463517-29) available to Plaintiffs issued by the UM/UIM Defendants, which provides One Million Dollars ($1,000,000.00) of coverage.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

33. Despite being provided with sufficient information to adjust the claims and make payment, the UM/UIM Defendants have failed to provide the policy limit(s) to Plaintiffs.

34. By failing to make the UM/UIM payments to Plaintiffs, the UM/UIM Defendants have breached their contractual duty to Plaintiffs and have otherwise failed to live up to their duties owed to them.

WHEREFORE Plaintiffs demand judgment against Defendants Lyft, XL Specialty Insurance, and Indian Harbor, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), reflecting the stated policy limit of the policy of insurance identified above, plus the full policy limit from any and all other applicable insurance policies, plus interest and costs.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on each of the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG

By: ***/s/ Salvatore J. Zambri***
Salvatore J. Zambri #439016
szambri@reganfirm.com
Christopher J. Regan #1018148
cregan@reganfirm.com
1919 M Street, NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036
202-463-3030